GERTRUDE SANGUINE, Appellant, v. CLIFFORD HOLLAND, Respondent. JOHN P. SANGUINE, Appellant, v. CLIFFORD HOLLAND, Respondent.— Appeal by the plaintiffs from judgments of the Supreme Court entered July 5, 1960 in Montgomery County upon verdicts in favor of plaintiffs at a Trial Term, and from orders denying motions by the plaintiffs to set aside the verdicts and for new trials on the ground that the verdicts were inadequate. Plaintiff, Gertrude Sanguine, who brought this action in negligence, claims to have been injured on December 6, 1957 when her motor vehicle, operated by her husband, and in which she was proceeding as a passenger was struck from the rear by defendant's motor vehicle. Plaintiff, John Sanguine, also sues for personal injuries and loss of his wife's services. The principal alleged injury to Gertrude Sanguine was a neck or "whip lash" injury with no bone or disc injury. The alleged injury to John Sanguine was a back injury which caused no loss of time from work and required three visits to a doctor. The jury returned a verdict for $2,250 for Gertrude Sanguine and $250 for John Sanguine. We see no reason to disturb the jury's verdict in the latter case. As to the injuries allegedly suffered by Gertrude Sanguine, the proof offered a number of possibilities as to the cause thereof. These included the accident upon which the action was predicated; a similar prior automobile accident, occurring some five years before, in which she alleged neck injuries; and a subsequent, unrelated fall three or four months after the occurrence herein. She denied any neck injury in the prior automobile accident, but the doctor who attended her was produced and testified that indeed she did complain of neck injuries and it was of sufficient importance that she was referred to an outstanding orthopedic specialist of Albany, Dr. Campbell. There was testimony that she was emotional and exaggerated her symptoms. Also she had a pregnancy two months after the accident and saw no doctor except the obstetrician for the better part of a year. The uncertainty of the medical testimony and the questionable conduct and testimony of the plaintiff, rendered the determination of credibility as well as the evaluation of damage, matters particularly appropriate for the jury to resolve. Also the trial court who observed the witnesses was in a

good position to evaluate the circumstances which prompted the jury to arrive at the amount of the verdicts. Upon this record we are unable to say that the amounts fixed are unsupported by the preponderance of the evidence or that the trial court's supervision of the verdict was unreasonable. We find no error in the conduct of the trial. Judgments and orders unanimously affirmed, with costs to respondent.